Wx-ieeler, .T.
It might suffice, for the present disposition of the case, to' observe that the .petition sets forth a g-.ood cause of action. It describes the note, and adds that it was g-iveu in consideration for certain land; but it does not refer to the bond for title, nor does it disclbse the fact that there was such, a bond or any executory contract respecting- the consideration of the note to be performed by the plaintiff. The bond is made a part of the answer but not of the petition. The legal sufficiency of the petition was not questioned’ by the defendants, nor did it admit of a question. The court manifestly erred' in adjudging- it insufficient, requiring- the plaintiff to amend, aud dismissing the case for want of amendment. It will not be contended that the defendant can put the plaintiff out of court simply by the averments in his answer.
It does not appear by the record wherein the court adjudged the petition insufficient. But- the ground of the action of the court must have been that the contract disclosed by the answer consisted of mutual and dependent covenants; Unit the making of the title was a condition precedent to the payment of the purchase-money for which the note sued on was given; that to enable the plain! iff to recover on the note, he must aver performance of the precedent condition on his part; and that by his exception to the answer he admitted its trul h, which, being admitted, he had not averred sufficient to entitle him to recover.
It is true that the exceptions admitted the truth of the answer, for the purpose of ascertaining its legal sufficiency, but for no other purpose. Its truth in fact must be determined by a trial upon the issues of fact and not upon demurrer. If it were otherwise a plaintiff would demur at his peril.
The error was in treating the demurrer as admitting- the truth in fact of the answer, for the purpose of a final disposition of the case, instead of an *186 .admission merely for the purpose of disposing of the demurrer. This will require that the judgment be reversed and the cause remanded. But in order to its ultimate disposition, it is material to revise the judgment upon the sufficiency of the answer. And here the principal question is whether the bond for title presents a case of dependent or independent covenants, and whether the making of the deed by the plaintiff was a condition precedent to his right of action upon the note.
Covenants in a bond or other agreement for the sale of land are to he construed as other contracts, according to (lie manifest intention of (lie parlies. There are no particular words the use of which will make a stipulation a condition precedent or subsequent. (1 Sug. on Ven., 271, (itli Am. from 10th Loudon edit.) But there are certain rules which have been adopted by which to ascertain the intention of the parlies. Thus, if the acts to be, done by (.he parties respectively are not to be performed at the same time, are not to be concurrent acts — as if, in the present case, the payment of the money was to be made at a time previous to that appointed for the making of the conveyance — it is manifest that the former would not bo a condition precedent to the latter, and that an action may be brought for the money before making the conveyance; for it would then be evident that the defendant did not intend to make the conveyance a condition precedent, hut relied on the covenant to convey and his remedy upon the bond in case of non-performance. “And so '“it is (it is said) where no time is fixed for the performance of (hat which is “the consideration of tile money or other act.” (1 Chit. Pl., 223, 10th Am. from 6th Loudon edit.; 1 Saund., 320, a; Chit, on Con., 737.)
Were the making of the conveyance and the payment of the money by the stipulations of the parties to be concurrent acts in this ease? Clearly not necessarily so, for the stipulation is in tine alternative that the conveyance shall be made “ when the purchase-money shall have been paid, or “when a patent to the land shall have been obtained.” It appears, therefore, that the patent had not been obtained; and in appointing a time for-making the conveyance the parties had in contemplation Unit event, which might be before or after the time ^appointed for the payment of tire money. Why appoint a day certain for the payment of the money, and leave the making of the conveyance dependent upon an event uncertain as to time, if the acts were to be concurrent and dependent the one upon the other as respected the time of the performance? Without entering upon a critical examination of the language and import of the several stipulations in the bond, we think it is clearly to be collected from them that the parties did not contemplate or 'intend that the making of the conveyance should be a condition precedent to tlie payment of the money. It is the settled doctrine in England, and I presume in most of the common-law courts in tins country, that “if the purchaser give a bill of exchange or other security for the purchase-money, “payable at a certain day, lie must pay it when due, and cannot resist the “payment, even in the case of a bill of exchange, on the ground that there was “ no consideral ion for the drawing of Hie bill because tlie seller has refused to “ convey the estate according to the agreement. But lie will have his remedy ■“ upon the agreement for the non-execution of the conveyance.” (1 Sug. on Ven., 172-3.) Repeated decisions of this court, however, have recognized a ■different doctrine, upon the principle that our Jaw discountenances circuity of .actions anti a multiplicity of suits, and will enable the parties to litigate all filio matters in controversy between them respecting the same subject-matter in ■one suit. But wo are aware of no case here or elsewhere in which it inis been held that, in declaring upon a promissory note given for the purchase-money for land, it is incumbent oil the plaintiff to set forth the consideration of the note, and aver performance of liis agreement to convey. But if no note or other security is given, and the agreement consists of dependent covenants in an action for the purchase-money, the plaintiff must aver and prove a conveyance, or at least a readiness to convey. And according to the practice *187 in this country, which is different from the English practice, the party who is to make the conveyance must prepare the deed'. (Id., 271, n. 2.) And where the action is upon a note given for the purchase-money, if the answer discloses a contract in which the stipulation to convey is a condition precedent to the payment, of the money, it maybe proper for the plaintiff to reply or amend by averring performance of his part of the agreement. In Pennsylvania, it is said, an action for the purcluise-moticy produces the same fruit as a bill in equity; for there it is the only resort of carrying- the contract into full effect, permitting 1he defendant, under the plea of payment, to give in evidence every circumstance which would influence a chancellor on a bill for specific performance. (Id., 276, n. 1; 11 S. & R., 238.) The effect of such suit is the same' in our courts, and this whether the action be upon a note given for the purchase-money or the covenants in a contract of bargain and sale ; but in our practice the. evidence is admissible only under appropriate averments setting forth truly the facts on which the rights and equities of tile party depend.
In the present case it is not perfectly clear whether the defendants intended to set up as n defense a defect of title or a refusal to make the conveyance. If the former, they should have averred distinctly that fact. They intimate that there may be a superior outstanding title in another. If this was the ground of their defense they should have averred the existence of the outstanding title as a fact, and with such certainty of description as that the issue of fact would be susceptible of proof or disproof upon the trial. The vendee who resists Hie payment of the purchase-money on this ground “must by “competent and sufficient evidence establish the existence and validity of the “outstanding title,” (Tarply v. Poag, 2 Tex. R., 148,) and, of course, he must plead it. It was not enough to state merely that the defendants liad heard of a claim to the land by some person unknown to them. If there really was any valid outstanding title, the records of the comity would probably have disclosed the fact and (lie name of tile owner. If the ground of defense intended to be relied on was the failure to convey according to tile agreement of the parties, tijo defendants should have averred such facts as would have shown the plaintiff in default. It was, not enough to aver simply that they were informed that the defendant liad not the title, (meaning doubtless the patent,) and that he had not made any exertions to get a title. They should have stated such facts as would have enabled the court to determine what exertions it was proper for tile plaintiff to have made, and whether a sufficient and reasonable time had been afforded him, under the circumstances of the case, and in view of his undertaking and the understanding of the parties to the contract, to have obtained the patent. In neither aspect in which the defense sought to be set up may be viewed was the answer sufficient. The plaintiff :s exceptions, therefore, should have been sustained. As we caunot know, in the present aspect of the case, whether 1 lie. facts are such as that the defendants can successfully amend tlioir answer, it is unnecessary to anticipate the questions which may be presented in the further progress of the case; or to enter further into the consideration oí tiloso questions which are suggested but not properly presented by the record for revision. Tlie judgment is reversed and the Cause remanded for-further proceedings.
Reversed and remanded.
Note 71. — Taylor v. Johnston, 19 T., 351; Younger v. Welch, 22 T., 417. When the vendor in a bond for title for the sale of land sues for the purchase-money, and the vendee alleges the refusal of the vendor to mako title, the vendor should be required to deposit the title in court, to bo delivered to the vendee on payment of the sum adjudged. (Lawrence v. Simonton, 13 T., 220; Wolf v. Durst, post. 425.)
Note 72. — Brock v. Southwick, ante 65.