FRANCIS J. COOK AND ANOTHER V. WILLIAM JACKSON.

Where there is no allegation of fraud or imposition, if the vendee who has gone into possession under a deed with covenants of warranty, would defeat an action for the purchase money, although it is not necessary for him to prove eviction, yet it is not sufficient for him to throw suspicion on the title and offer to restore the possession; but he must show that there is a valid, subsisting title, outstanding in a third person, and that the land is actually claimed under it.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

There was no allegation that defendants did not know the condition of the title, when they made the purchase; on the contrary there was evidence to the effect that the plaintiff and Wallis, before the purchase by defendants, got Cook and another to appraise the value of the lot without the improvements, Wallis saying that he owned half the ground; and that the lot was appraised by them at $25. Defendants alleged and proved that the property had been levied upon and sold upon a judgment against Terrel A. Jackson, recovered after their purchase. The other facts are stated in the Opinion.

*J. D. & D. C. Giddings*, for appellants.

*Lewis & Davis*, for appellee.

WHEELER, J.   The action was for the recovery of a promissory note, given for the purchase money of certain lots.   The defence was that the plaintiff, when he sold, had no title to the lots, and consequently that the note was without consideration. To maintain this defence the defendants produced in evidence a quit claim deed from one Haller and wife to Terrel A. Jackson, dated in Nov. 1849, and proved that said Jackson had been subsequently in possession and had added to the improvements; but before the sale and conveyance by the plaintiff to the defendants, he had quitted the possession and left the country.   There was no evidence that the plaintiff held or claimed to derive his title from or through either Terrel A. Jackson or Haller and wife, or that the latter had any title when they made the deed to Jackson, or that he, or any one else, sets up any claim to the lots adversely to the defendants.   They have not been disturbed in their possession.   In view of these facts is the defence made out?   We think not.   In Tarpley v. Poag, (2 Tex. R. 148,) and Perry v. Rice, (10 Id. 367,) the doctrine was held, that where the vendee has accepted a deed with warranty, and gone into possession, to enable him to resist the payment of the purchase money on the ground of a paramount title outstanding in a third person, it devolves on him to establish the existence and validity of the outstanding title.   We have held that eviction is not necessary to admit the defence, in accordance with the doctrine of the Courts of South Carolina and Pennsylvania, which differs from the English doctrine and that of most of the States, on that subject.   (Rawle on Covenants for Title, 694 *et seq.*) The result of the decisions in South Carolina is said to be, that in actions brought for the purchase money the purchaser may make a clear, subsisting, outstanding title, the ground of abatement of the contract value of such part of the premises as it may cover, in cases in which there are covenants which include the adverse title.   (Id. 695–6; 2 Rich. Eq. 241; 2 Spears, 10; 6 Rich. Eq. 362.)   So in Pennsylvania, in Ludwick v. Huntzinger (5 Watts & Serg. 58,) Mr. Justice Kennedy said: "I do not wish to be understood as saying, that a superior title outstanding in a third person, when shown clearly to exist, and that he claims the

land by virtue of it, will not be a good defence against payment of the purchase money, or any portion thereof, though a deed of conveyance has been executed by the vendor to the vendee, unless it was explicitly agreed and understood between them, at the time, that the vendee was to take the title of the vendor, such as it was, at his own risk ; on the contrary, I admit, that, according to the authorities, it will be a good defence. But I wish to be distinctly understood as laying down the principle that in order to make such outstanding title a good defence in such cases, it must be clearly shown to be indubitably good, and that the land is actually claimed under it." This opinion harmonizes with the view of the law hitherto maintained by this Court ; and subjected to such a test, it is clear that the defence is not made out in this case. It does not clearly appear that there is a valid, subsisting title, outstanding in any third person. To avail the defendant it must appear that there is such title; that it is a good, a paramount title; and that the land is actually claimed under it. It does not so appear. For aught that appears Haller and wife may have had no title to convey ; and if they had, it does not appear that any one is claiming the land under it ; or, in fact, that there is any claim of title adverse to the defendants. The defence clearly was not made out ; and this dispenses with the necessity of considering other questions raised in argument. The judgment is affirmed.

Judgment affirmed.