## J. H. HUBBARD v. S. W. BIGHAM.

### (No. 3759.)

VENDOR'S LIEN — TITLE BOND. — Plaintiff in seeking to enforce vendor's lien need not allege validity of title he gave bond for upon the payment of the notes; it would be sufficient to aver willingness and readiness to convey title to defendant in accordance with the terms of the bond.

APPEAL from Coryell county. Opinion by WALKER, J.

STATEMENT. — This suit was brought by S. W. Bigham against J. H. Hubbard to recover the amount of two promissory notes of $400 each, with ten per cent. interest from 31st of March, 1875, which plaintiff alleges were given by defendant as part payment of three hundred acres of land sold by plaintiff to defendant, which land is described in

notes accordingly, and as being a part of the J. P. Irvine survey in Coryell county, on Brown's Creek. The petition alleges that, in consideration of the notes aforesaid, the plaintiff executed and delivered to the defendant his bond for title, obligating himself to make the defendant a title to the land on payment of the notes, and prayed for judgment on the notes and to enforce his vendor's lien on the land.

The defendant pleaded that the plaintiff was unable to make him a good title, alleging that one Benjamin F. Gass owned the land by a valid title superior to the plaintiff's claim or title thereto; that Gass claims the land under his aforesaid title, and he prays that the collection and payment of the notes shall be stayed until plaintiff shall be in a condition to make him a good title. The cause was submitted to the court. Judgment was rendered for the plaintiff for the amount sued for, and decree for the foreclosure of the plaintiff's lien as the vendor of the land. From this judgment the defendant appeals and assigns errors.

The plaintiff, on trial, introduced the notes sued on, and the defendant proved the following facts by appropriate documentary evidence, viz.: Deed to land in question from James Reiley to J. W. Webb, dated 28th of August, 1857; deed of trust conveying said land to Hancock & West as trustees to secure a debt to said Ben. F. Gass, dated May 17, 1850; and also deed of conveyance from Hancock & West to said Gass, dated September 3, 1851.

1. That the court erred in rendering judgment for the plaintiff because plaintiff failed to allege and prove that his title was superior to the title of B. F. Gass, as alleged in defendant's answer.

2. Because the defendant alleges in his answer and proved a valid title to the land to be in B. F. Gass, and therefore, the contract being executory, the plaintiff was not entitled under bond for title, which guarantied a good and sufficient title to defendant to recover in this action.

3. Because the facts proved showed that the plaintiff was

not able to make title as required by this bond, and that he neither alleged nor proved that he had any title to the land.

4. Court erred in rendering judgment for plaintiff because he failed to show any valid title in himself, the defendant having alleged and proved a valid title in B. F. Gass.

OPINION.— All of the assignments of error are successfully answered against the appellant, if it is a true proposition that he failed to show by his evidence concerning the supposed title of Gass, a state of case that did not establish *prima facie* that Gass had a title superior to that of the plaintiff. If the defendant failed to show that there existed a better title outstanding in Ben. F. Gass than the plaintiff had, the plaintiff's evidence would, in that case, have entitled him to recover; and in order to enable him to do so, the plaintiff would not have been subjected to the necessity of introducing rebutting evidence to establish his title to the land.

The burden of proof being upon the defendant, if he failed to maintain by evidence his allegation in respect to the plaintiff's want of title, the plaintiff clearly must recover. A vendee who resists the payment of the purchase money on the ground of a defect of title must allege and prove by competent and sufficient evidence the existence and validity of the outstanding title; and this, too, although the contract be executory, not executed. Perry *v.* Rice, 10 Tex., 367; Cook *v.* Jackson, 20 Tex., 209.

The evidence failed to establish a valid title in Gass. The deed of conveyance to him from the trustee invested him with the interest which they had derived through Reiley's conveyances to Webb and through Webb's deed of trust before mentioned; but without additional evidence as to the character and validity of Reiley's title, it is not made to appear that it was such as upon which any right to the land could be maintained by virtue of the links of title

which were thus produced. The immediate deed to Gass from Hancock & West, of itself imports no right or title in the grantors to the land, and it is not strengthened by the links which connect it with the title of Reiley; for unless Reiley is shown to have had title when he conveyed to Webb, the whole chain of transfers or deeds is inconclusive and insufficient as evidence of title to the land, nor can its strength be increased by protecting its length by means of successive links of conveyance.

There is no evidence that the title produced in evidence was ever derived from the sovereignty of the soil, or that any rights had ever been derived under any of the deeds by virtue of possession and claim under them, so as to perfect title by limitation or prescription.

Under such a contract as existed between the parties for the purchase of the land it was not required of the plaintiff, to enable him to recover on his notes, that he should aver and prove that he has a valid title to the land as a precedent condition to his right to thus enforce his contract; it was sufficient for the plaintiff seeking to enforce the collection of the notes and to foreclose his lien on the land, to aver a readiness and willingness to convey title to defendant in accordance with the terms of the bond whenever the purchase money shall have been paid. Sharp v. Baker, 22 Tex., 306; Perry v. Rice, 10 Tex., 367. And if the defendant resists the payment under a defense that the plaintiff is not able to make to him a valid title, he assumes the burden of proving that fact; and until he succeeds in making a *prima facie* case under that defense against the plaintiff, the basis on which the plaintiff rests his right to recover is not altered, and he need not make his proof as to his title, nor offer evidence concerning it to rebut evidence which possesses no legal force to establish a title superior to his own.

JUDGMENT AFFIRMED.