## J. H. HUBBARD, vs. S. W. BIGHAM.

COURT COMMISSIONERS OF APPEALS, AUSTIN TERM, 1883.

*Vendor's Lien—-Title Bond.*—Plaintiff in seeking to enforce vendor's lien need not allege validity of title he gave bond for upon the payment of the notes; it would be sufficient to aver willingness and readiness to convey title to defendant in accordance with the terms of the bond. See facts for imperfect title.

Appeal from Coryell County.

Opinion by Richard S. Walker.

This is a suit brought by S. W. Bingham against J. H. Hubbard to recover the amount of two promissory notes of four hundred dollars each, with ten per cent. interest from the 31st. of March 1875, which plaintiff alleges were given by defendant as part payment of three hundred acres of land sold by plaintiff to defendant; which land is described in the notes accordingly, and as being a part of

the J. P. Irvine survey, in Coryell County, on Brown's Creek. The petition alleges that in consideration of the notes aforesaid, the plaintiff executed and delivered to the defendant his bond for title, obligating himself to make the defendant a title to the land on the payment of the notes, and prayed for judgement on the notes and to enforce his vendors lien on the land.

The defendant pleaded that the plaintiff was unable to make him a good title, alleging that one Benjamin F. Gass owned the land by a valid title superior to the plaintiff's claim or title thereto; that Gass claims the land under his aforesaid title, and he prays that the collection and payment of the notes shall be stayed until the plaintiff shall be in a condition to make him a good title.

The cause was submitted to the court without a jury; judgment was rendered for the plaintiff for the amount sued for, and decree the foreclosure of the plaintiff's lien as the vendor of the the land; from this judgement the defendant appeals and assigns errors.

The plaintiff, on the trial introduced the notes sued on, and the defendant proved the following facts by appropriate documentary evidence, viz : A deed to the land in question from James Reilly to J. W. Webb, dated 28th, of August 1857; a deed of trust conveying said land to Hancock and West as trustees to secure a debt to said Ben. F. Gass, dated the 17th, of May 1850; and also a deed of conveyance from Hancock and West to said Gass, dated the 3rd, of September 1761.

1. That the court erred in rendering judgement for the plaintiff, because the plaintiff failed to allege and prove that his title was superior to the title of B. F. Gass, as alleged in defendant's answer.

2. Because the defendent alleges in his answer and proved a valid title to the land to be in B. F. Gass, and therefore the contract being executory, the plaintiff was not entitled under bond for title, which guaranteed a good and sufficient title to defendant, to recover in this action.

3. Because the facts proved, showed that plaintiff was not able to make title as required by this bond, and that he neither alleged nor proved that he had any title to the land.

4. The court erred in rendering judgement for plaintiff, because he failed to show and valid title in himself; the defendant having alleged and proved a valid title in Benjamin F. Gass.

The other assignments need not be set out, as they are superseeded and virtually included in the foregoing grounds.

All of the assignments of error are successfully anwered against the appellant, if it is a true proposition, that he failed to show by his evidence concerning the supposed title of Gass, a state of case that did not establish *prima facie*, that Gass had a title superior to that of the plaintiff. If the defendant failed to show that there existed a better title out standing in Ben. F. Gass than the plaintiff had, the plaintiff's evidence would, in that case, have entitled him. to recover; and in order to enable him to do so, the plaintiff would not have been subjected to the necessity of introducing rebutting evidence to establish or prove his title to the land. The burden of proof being upon the defendent, if he failed to maintain by evinence his allegation in respect to the plaintiff's want of title, the plaintiff, clearly, must recover.

A vendee who resists the payment of the purchase money on the ground of a defect of title, must ellege and prove by competent and sufficient evidence the existence and validity of the outstanding title; and this too, although the contract be executory, not executed.

Perry vs. Rice, 10, Tex., 367; and see Cook vs. Jackson, 20 Tex., 209.

The evidence failed to establish a valid title in Gass. The deed of conveyance to him from the trustee, invested him with the interest which they had derived through Reiley's conveyance to Webb, and through Webb's deed of trust before mentioned; but without additional evidence as to the character and validity of Reiley's title, it is not made to appear that it was such, as upon which any right to the land could be maintained by virtue of the links of title which were thus produced.

The immediate deed to Gass from Hancock and West, of itself imports no right or title in the grantors to the land, and it is not strengthened by the links which connect it with the title of Reiley; for unless Reiley is shown to have had title when he conveyed to Webb the whole chain of transfers or deeds is inconclusive and insufficient as evidence of title to the land; nor can its strength be increased by protracting its length by means of successive links of conveyance. There is no evidence that the title produced in evidence was ever derived from the sovereignty of the soil, or that any rights had ever been derived under any of the deeds by virtue of possession

and claim under them, so as to perfect a title by limitation or prescription. The defendant failed to support his defense of superior outstanding title by any evidence that can preclude the plaintiff from recovering on his notes and foreclosing his lien.

Under such a contract as existed between the parties for the purchase of the land, it was not required of the plaintiff, to enable him to recover on his notes, that he should aver and prove that he has a valid title to the land as a precedent condition to his right to thus enforce his contract; it was sufficient for the plaintiff seeking to enforce the collection of the notes and to foreclose his lien on the land, to aver a readiness and willingness to convey title to defendant in accordance with the terms of the bond whenever the purchase money shall have been paid.

See Sharp vs. Baker, 22 Tex., 306; Perry vs. Rice 10 Tex., 367.

And if the defendant resists the payment under a defense that the plaintiff is not able to make to him a valid title, he assumes the burden of proving that fact; and until he succeeds in making a *prima facie* case under that defense against the plaintiff, the basis on which the plaintiff's right to recover is not altered, and he need not make proof as to his title, nor offer evidence concerning it to rebut evidence which possesses no legal force to establish a title superior to his own.

We conclude that the judgment ought to be affirmed.

JUNE 26th, 1883.

Report of Commissioners of Appeals examined, their opinion adopted and the judgement affirmed.

Justice West not sitting.

Willie C. J.