HENRY C. VAN RIPER v. ROBERT M. WILLIAMS and others.

|     |     |
|-----|-----|
| 2   | 407 |
| 55  | 651 |
| 2   | 407 |
| 56  | 287 |

Where a mortgage is given for the purchase money of land, conveyed by the mortgagee to the mortgagor with covenant against incumbrances, if it appear that at the time of the conveyance the premises were subject to a prior incumbrance, a decree of foreclosure will not be made upon such mortgage until the prior incumbrance is satisfied, or the prior incumbrance will, by the decree, be directed to be first paid out of the proceeds of the sale, and the amount deducted from the sum due upon the mortgage.

BILL for foreclosure of a mortgage, given by Robert M. Williams and Elizabeth his wife, to Henry C. Van Riper and John Kelly, junior, dated 6th August, 1835, to secure the payment of five hundred and thirty-seven dollars, with interest. The bill states, that on the 10th day of September, 1836, Robert M. Williams made a declaration of trust of the same premises in favor of Frances S. Hedden, wife of Zadock Hedden, thereby declaring that he stood seized of the said premises in trust for her; and that by the death of John Kelly, junior, one of the mortgagees, and by virtue of an assignment from his legal representative, the entire interest in the said mortgage was vested in the complainant.

Frances S. Hedden, the *cestui que trust* named in the bill, by her answer, admits the bond and mortgage as set forth in the bill of complaint, but states that they were given to secure part of the purchase money of the mortgaged premises, which were sold and conveyed by the said mortgagees to the said Robert M. Williams, in trust for the said Frances S. Hedden. That the said deed contained the usual covenant of seizin, and also a covenant on the part of the grantors that the bargained premises were clear of all incumbrances, except a mortgage executed by the grantors to John Zabriskie, to secure the payment of two hundred and fifty dollars; but that, at the time of the execution and delivery of the said deed, the said premises were also subject to a mortgage given by the grantors to Elizabeth Gautier, to secure the payment of one hundred and eight dollars, dated

the 28th of June, 1834, and duly acknowledged and recorded; and that the said mortgage is still outstanding, unsatisfied and uncancelled. The answer insists that no decree of foreclosure should be made upon the complainant's mortgage while the mortgage to the said Elizabeth Gautier remains unsatisfied, and the covenant in the aforesaid deed against incumbrances violated.

The cause was submitted upon the pleadings and proofs.

*J. D. Miller*, for complainant.

*L. D. Hardenbergh*, for defendants.

THE CHANCELLOR. As the mortgage sought to be foreclosed in this case, was given to secure the purchase money on land sold by the mortgagees, with covenants of seizin and against incumbrances, and it turns out that there was at the time of the conveyance an outstanding mortgage which still remains an incumbrance upon the premises, that mortgage must be first removed before a decree for foreclosure and sale can in equity be ordered; or, so much of the proceeds of the sale as may be necessary for that purpose, must by the decree be directed to be applied to pay off and satisfy that incumbrance, and the amount so applied deducted from the mortgage debt due the complainant