# CHARLESTON

## CUMMINGS v. HAMRICK.

Submitted January 13, 1914.   Decided May 19, 1914.

1. EQUITY—*Pleading—Amendment.*
     Amendments of pleadings in equity tending to promote substantial justice are favored.   (p. 408).

2. VENDOR AND PURCHASER—*Abatement of Purchase Money—Deficiency in Land—Mutual Mistake.*
     Abatement of purchase money can not be had for the loss of a parcel not intended to be included in the conveyance but which has been included by mutual mistake of the parties.   (p. 408).

3. SAME—*Abatement of Purchase Money—Deficiency in Acreage.*
     Where a sale of land as evidenced by the deed is in gross and not by the acre, and the vendee was not induced to purchase by reliance on the vendor's statement of the quantity, there is no implied warranty of quantity and the vendee can not have an abatement of the purchase money for a deficiency in the acreage.   (p. 408).

4. SAME—*Abatement of Purchase Money—Deficiency in Land.*

Abatement of purchase money can not be allowed for the loss of land which was not intended to be included in the conveyance and which by the terms thereof is not included therein.    (p. 409).

5. MINES AND MINERALS—*Warranty of Amount—Reservations.*

Where a conveyance reserves all the coal except what was reserved in a prior deed conveying the coal, and in the prior deed there was in fact no reservation, no defined estate or right in coal is conveyed to which the general warranty may be applied and an abatement of the purchase money had.    (p. 409).

6. COVENANTS—*Covenants of Warranty—Incumbrance—Action for Purchase Money—Defenses.*

When the deed of conveyance contains only covenants of general warranty and none against incumbrances, the mere presence of incumbrances on the land, without more, is no defense to a suit for the purchase money.    (p. 410).  ·

7. BOUNDARIES—*Interlock.*

A call of a deed for the line of an adjoiner can not make an interlock between the land conveyed by the deed and the land of the adjoiner.    (p. 412).

8. VENDOR AND PURCHASER—*Action for Purchase Money—Defense.*

The omission of a call in the deed is no ground of defense against the payment of the purchase money or ground for abatement of the same, and in a suit involving issues only as to whether the purchase money shall be paid or abated, failure to decree a correction of the omission of the call is not error.    (p. 413).

Appeal from Circuit Court, Webster County.    .

Suit by A. L. Cummings against Sarah M. Hamrick.  From decree for plaintiff, defendant appeals.

*Affirmed.*

*W. T. Talbott,* for appellant.

*Morton & Wooddell,* for appellee.    ·

ROBINSON, JUDGE:

The suit is by a vendor of land against the vendee, for the enforcement of a vendor's lien retained in the general warranty deed conveying the land.    Defendant sought by her answer to be absolved from payment of the residue of the purchase money demanded by the suit, alleging deficiency in the acreage and breaches of the warranty as entitling her to an

abatement of the purchase price in a sum equal to or larger than the unpaid residue. This defense on her part was overruled at the hearing of the cause, on full pleadings and proofs. A decree for plaintiff was entered. Defendant has appealed.

During the progress of the cause plaintiff was allowed to amend his bill. The amendment set up the fact that a public school house lot of small area had been, without making proper exception thereof, left within the boundary in drawing the deed, by mutual mistake of the parties. A correction of this mutual mistake was asked. We see nothing improper in this course of pleading. It was allowable because it surely tended to substantial justice. Defendant was claiming abatement because superior title to the school house lot was in the public authorities. The amendment was pertinent to the cause. Defendant's answer fully responded to the allegations of mutual mistake.

And just here we may as well remark that the decree, wherein it finds the allegations of such mutual mistake to be sustained and corrects the mistake, is fully warranted by the evidence. It is clear from the facts and circumstances appearing that both the grantor and the grantee knew that this public property was not within the sale of real estate evidenced by the deed and that they at no time intended that the conveyance should include it. Quite right is the decree in excluding the school house lot from the conveyance and allowing no abatement of purchase money for the same. The school house lot did not enter into contemplation in making the conveyance. It was never intended to be conveyed. By what right should defendant have abatement for that which was never intended to be a part of the conveyance?

The deed stated a given number of acres, more or less. It evidenced a sale in gross and not one by the acre. The sale was not expressly by the acre, nor is the purchase money an exact multiple of the number of acres. Yet defendant submits that she should have abatement for a small deficiency of acreage shown. The evidence does not warrant a conclusion that there was fraud or misrepresentation on the part of the grantor as to the acreage, inducing the grantee to purchase. The latter's purchase was not on the strength of the form-

er's statement of the acreage. Where a sale of land as evidenced by the deed is in gross and not by the acre, and the vendee was not induced to purchase by reliance on the vendor's statement of the quantity, there is no implied warranty of quantity and the vendee can not have an abatement of the purchase money for a deficiency in the acreage. An exhaustive exposition of this subject is found in *Crislip* v. *Cain*, 19 W. Va. 438.

Defendant insists that her purchase of land from plaintiff contemplated the inclusion of about 13 acres of bottom land which plaintiff had theretofore sold to S. B. Hamrick, and that she was deceived in making the purchase by plaintiff's keeping from her the fact that Hamrick had prior and superior title to the 13 acres. The chancellor from conflicting evidence has found otherwise—that the inclusion of the 13 acres was not contemplated and that defendant was not defrauded in this regard. We are by no means disposed to disturb that finding. It is warranted from the evidence, and upon the whole seems right. Defendant does not ask a rescission of the contract for the alleged fraud. She only seeks an abatement of the purchase money because of Hamrick's possession under superior title to the 13 acres, which she claims is covered by the deed made by plaintiff to her. But the deed, in the giving of metes and bounds, calls for the "13 acre tract of S. B. Hamrick" as an adjoinder. Clearly the deed does not include the parcel. Surveyors, fitting to the ground the description of the land conveyed by plaintiff to defendant, say that the 13 acre tract is not included. How then may defendant have abatement for what was not contracted by the deed, or intended to be contracted thereby?

In the conveyance to defendant all the coal underlying the land was reserved "except the coal reserved in John T. McGraw deed." In plaintiff's prior deed to McGraw for the coal, however, he had reserved no coal. So the exception in the reservation really meant nothing. Plaintiff had reserved no coal in the McGraw deed, and therefore his conveyance to defendant embraced no coal. Defendant says here is a loss that entitles her to an abatement to the extent of it. It seems that she was to have some coal by plaintiff's deed to her. But

how much? What estate or right in coal did plaintiff grant to her? Only such as he had reserved in his deed to McGraw. That, as we have said, was none whatever. Then how can an abatement be given for coal when the deed defines no estate or right in coal intended to be conveyed by plaintiff to defendant? How shall it be ascertained what defendant lost in this particular when for the only description reference is made to another deed that does not describe the thing lost? The deed is the contract between the parties. The court can not make a new contract for them. In the contract which the parties made, there is implication that defendant was to have coal by the conveyance, but they left the estate  or  right wholly undefined and uncertain. It can not be known from the deed what area, estate, or right as to coal was warranted thereby to defendant. Indeed from the letter of the conveyance we may say that none was warranted since none was conveyed, the deed purporting only to transfer what was reserved in the McGraw deed, which was nothing.

Defendant maintains that plaintiff fraudulently represented to her that he had reserved in the McGraw deed valuable coal rights, and that she purchased on the strength of getting the same. We do not think this is sustained. Still it is unimportant as to the question of abatement, and that is all defendant raises. The right to abatement for loss by defect of title must be governed by the deed as it is, not by what it ought to have been. What plaintiff's rights may be for a reformation or rescission is another matter. As the deed stands it does not vouch to defendant any defined right as to coal on which an abatement of purchase money can be based. Yet it is to the warranty in the deed, which is only co-extensive with the grant, that defendant must resort for her alleged right to abatement for loss by McGraw's superior title to all the coal. 8 Amer. & Eng. Enc. of Law, (2nd Ed.) 66.

In the deed to McGraw, plaintiff had granted rights other than those that are legally implied in a grant of coal. The reservation of the coal in plaintiff's deed to defendant of course did not reserve other than the legally implied rights for removal. Because of McGraw's superior rights not reserved in the deed to defendant, she further claims abatement of the purchase money. Those rights which are vested

in McGraw, his heirs and assigns, and not reserved in the deed to defendant, pertain to the manufacture of coke on the land, to the taking of surface land for such manufacture, and to the transportation of coal from other lands through and over the land. That those rights are incumbrances on the land, there is no question. The deed of plaintiff to defendant, however, contains no warranty against incumbrances. It contains only the ordinary general warranty. Usually the covenant of general warranty does not avail a grantee until he has been evicted from the land by superior title. *Rex* v. *Creel,* 22 W. Va. 375. Defendant has only a covenant of general warranty to rely on for her claim to abatement on account of the McGraw rights. But a covenant of general warranty is not a covenant against incumbrances. *Findlay* v. *Toncray,* 2 Rob. 374; *Dickinson* v. *Hoomes's Admr.,* 8 Grat. 353; *Marbury* v. *Thornton,* 82 Va. 702; *McClaugherty* v. *Croft,* 43 W. Va. 270; *Cain* v. *Fisher,* 57 W. Va. 492; *Hart* v. *Larkin,* 66 W. Va. 227. The McGraw rights on defendant's land are merely incumbrances, not superior title. Defendant has title, but it is incumbered by McGraw's rights. The general warranty does not vouch against these incumbrances. True, there may sometime be an eviction by the force of the incumbrances which would work a breach of the covenant of general warranty. *Cain* v. *Fisher, supra.* But without a particular covenant against incumbrances, the mere presence of incumbrances, all that we have here, is no excuse against the payment of the purchase money. *Hart* v. *Larkin, supra.* In *McClaugherty* v. *Croft, supra,* Judge BRANNON said: "It seems unreasonable to compel the purchaser to pay out the money, and run the hazard of the vendor's future insolvency, where actual liens are shown; but if the purchaser took a covenant of general warranty, and no covenant against incumbrances or other covenant, it is so." Plaintiff is not shown to be insolvent. Eviction under the McGraw incumbrances is not shown to be imminent. Equitable considerations like these may modify the rule. Such considerations are not however presented in this case. We are not, therefore, called to decide as to their potency.

Defendant relies on *Smith* v. *Ward,* 66 W. Va. 190, and *Smith* v. *White,* 71 W. Va. 639. These cases are not in point.

Distinctions between them and the case under consideration are clearly marked. In the first, abatement was allowed for the loss of a part of the land by superior title. The general warranty which the deed contained of course covered defects of title. That case did not involve incumbrances, but want of title. The latter case involved a right of way on the land, which was an incumbrance; but the deed contained an express covenant against incumbrances. Under such covenant, the purchase money could be abated because of a breach of the covenant by the existence of an incumbrance.

Defendant took a conveyance of the land subject to the McGraw rights and did not see fit to take a covenant covering them. The legal import of the transaction is that defendant deemed the property worth what she contracted to pay notwithstanding the McGraw rights thereon. We must assume that she did not consider their existence damaging in relation to the purchase price of the land, otherwise she would have required the grantor either to clear them before her acceptance of the deed or to covenant in the deed against them. The records were open to defendant, showing these rights to be incumbrances on the land. Nevertheless she so contracted that she must pay the purchase money regardless of their existence. She must be presumed to have intended such legal consequence of her contract, for she is charged with a knowledge of the law as are all persons. The claim of defendant that she was deceived by plaintiff in regard to what mining rights he had given McGraw is not pertinent to the issue she raises for an abatement of the purchase money, even if we considered her claim in this behalf as established by the evidence. For fraud in this particular she might have the contract of purchase rescinded. But rescission is not asked. She stands on the contract and asks an abatement of the purchase money under its legal force. As we have seen, it gives her no right to abatement because of incumbrances.

On the score of an interlock with the lands of Arnold Hamrick, defendant claims abatement for the loss of five acres. Defendant's title papers, however, call for the line of the Arnold Hamrick land. Then there can be no interlock. The line is the same wherever its true location may be. The

dispute about the true location of the line does not make an interlock. *Robinson* v. *Sheets,* 63 W. Va. 394. Defendant may never lose the five acres involved in the dispute with Arnold Hamrick. She can not have abatement of the purchase money for a shortage of the five acres when it is not established that such shortage actually exists.

An error assigned is that there is an omitted call in the deed and that the court did not correct the same. The omission of the call is no ground of defense against the payment of purchase money. Neither is it ground for abatement of the same. A case was not made by the pleadings calling for the correction of the deed as to the omitted call. Why should we consider the assignment?

We have now disposed of the points raised, briefly, but we hope with clearness. The decree properly reserves to defendant action at law which may avail in case the general warranty is broken by eviction under the mining rights. It remains only to say that the decree is right and will be affirmed.

*Affirmed.*