## WALCOTT v. KERSHNER.
(No. 759–4722.)

(Commission of Appeals of Texas, Section B. Feb. 9, 1927.)

**I. Covenants ☞42(I)—"Covenant against incumbrances," in warranty deed, held to include paying lien.**

"Covenant against incumbrances," in warranty deed, necessarily includes paving lien asserted against property, in absence of anything to indicate that it was excepted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Covenant against Incumbrances.]

**2. Mechanics' liens ☞197—Paving lien, executed before conveyance, was enforceable against property when title passed, though paving had not been done.**

Paving lien *held* to be existing lien, enforceable against property at time of passing of title, though paving had not yet been done, where lien was executed before conveyance.

**3. Covenants ☞96(I)—Vendor held liable, under covenant against incumbrances, for amount of paving lien executed before sale, though paving was not done till after conveyance.**

Vendor is liable to purchaser, under covenant against incumbrances in deed, for amount of paving lien executed before sale, though paving was not done till after sale; rule that covenantee is entitled only to nominal damages, if incumbrance adds to value of property in amount equal to cost, being inapplicable, since purchaser took land and all rights and appurtenances, including contract for improvement

and purchaser necessarily paid for such improvement.

**4. Covenants ⬧96(1)—Covenant against incumbrances is breached, if at all, on execution and delivery of deed.**

Covenant against incumbrances, in warranty deed, is engagement that grantor's title is unincumbered, and is covenant in præsenti, which is breached, if at all, on execution and delivery of deed.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Mrs. Theresa T. Walcott against O. G. Kershner. Judgment overruling defendant's general demurrer to the petition was reversed, and the cause remanded, by the Court of Civil Appeals (285 S. W. 902), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and judgment of trial court affirmed.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, for plaintiff in error.

Robt. H. Bean and Bean & Klett, all of Lubbock, for defendant in error.

SPEER, J. Chief Justice Hall, for the Seventh district, thus states the case in that court:

"Mrs. Walcott filed this suit in the district court of Lubbock county, alleging, in substance, that prior thereto Kershner had conveyed to her and her husband, who was then living, a lot and brick building situated thereon, in the business district of Lubbock; that prior to such conveyance Kershner had executed a mechanic's lien contract with the Panhandle Construction Company, for paving Thirteenth street, upon which said lot abutted, and agreed to pay $1,-331.86, being the agreed price of such paving; and that the city of Lubbock had fixed a lien on said property to secure the payment of said amount for paving. She alleged the execution of the contract of sale, of the deed made in pursuance thereof, containing warranty of title, and the execution by her of purchase-money notes as a part of the consideration. She further alleged that she had been compelled to pay a part of the paving debt, and because of the lien would be required to pay the remainder of it, in order to protect her property, and prayed for judgment against Kershner for the full amount due for paving, asking that it be credited on the purchase-money notes held by him. Upon a trial before the court without a jury, she recovered judgment against Kershner in the sum of $1,283.16, with 8 per cent. interest from December 25, 1924, and all costs of suit, and it was further decreed that said notes be credited with that amount, and that, when such credit is given, it shall operate as a satisfaction of the judgment.

"The principal defense urged by Kershner is that the plaintiff suffered no damages, in that she acquired the benefit of the paving to the extent of the cost thereof in the enhanced value of the property. The record discloses that the contract of sale was executed October 6, 1924, and the deed was executed October 8, 1924: that the mechanic's lien for paving the street was previously executed by Kershner on July 15, 1924. The paving was not done, however, until after the plaintiff acquired the property. It is conceded that, at the time of the contract and conveyance, plaintiff had no knowledge of the mechanic's lien or of the proposed paving, and Kershner says he never thought of it at that time. Plaintiff does not specifically alleg· that she is damaged in any sum as the result of the breach of the covenant and of the paving. She shows that she has only paid the first installment of the paving debt, amounting to $214. The court overruled the defendant's general demurrer to the plaintiff's petition."

The Court of Civil Appeals reversed the trial court and remanded the cause, upon the ground that, although there was a technical breach of the covenant, the plaintiff had not shown any damage, but, on the contrary, that the incumbrance was of such nature as to benefit her property, and that therefore Kershner would be entitled to offset against the plaintiff's claim for damages the reasonable value added to the lots by reason of the improvement. 285 S. W. 902.

The decision of the Court of Civil Appeals is wrong, and proceeds upon a misconception of the rule announced in the cases cited by it, holding that, "if the incumbrance is a railway, irrigation ditch, or the like, the effect of which is to add to the value of the property in an amount equal to the sum which the covenantee has been forced to pay, he is entitled to recover only nominal damages." We have no quarrel with the principle announced in those cases. In short, we think it is correct, and have only recently applied that principle in a recommendation of judgment to the Supreme Court. We will notice the reason for this rule a little later.

[1, 2] As stated by the Court of Civil Appeals, the deed in this case being in the usual form under the provisions of the statutes, there is an express covenant against incumbrances, which necessarily includes the paving lien asserted against the property. This is true, because undoubtedly the paving lien was at the time of the passing of the title under the deed an existing lien enforceable against the property. There is nothing whatever to indicate that it was excepted from the covenant against incumbrances. It therefore necessarily is within such covenant. While it is true such covenant is one of indemnity, it is equally true the incumbrance was for a fixed, definite sum, a part of which had been actually paid by the plaintiff, and the remainder of which was equally certain of enforcement against the property. If the paving lien was then an incumbrance, the plaintiff's damage was definitely fixed by the amount of such lien, for she was actually injured in that amount. She has, to

all intents and purposes, been forced to pay the incumbrance.

[3] But it remains to be seen just what application, if any, the rule followed by the Court of Civil Appeals has upon the disposition of the case. We think it has none. In its last analysis the reason for holding that, where the cause of complaint is the existence of a railway, irrigation ditch, or other similar easement, the effect of which is to add to the value of the property, is not actionable as a breach of the covenant against incumbrances except for the lessened value of the land, if any, is this: Such things, unless they do effect injury and damage, are not *incumbrances* at all. These easements do not carry a pecuniary obligation upon the part of the covenantee, and are not liens against the property; they affect its physical condition, and presumably were considered by the purchaser in making the price. He got just what he bargained for. His land was benefited, not cumbered.

[4] But in this case, as matter of law, upon the purchase of the property from Kershner under a general warranty deed, the purchaser took the land and all the rights and appurtenances usual. This included the contract for its improvement by which the incumbrance was created, and the purchaser therefore necessarily paid for that improvement. It is immaterial whether the purchaser knew of the contract, or the seller, Kershner, "thought of it," at the time; such was the necessary legal effect of the conveyance. If the purchaser, therefore, acquired the property, and with it the right to the improvement, it of course follows, the lien being an outstanding incumbrance, there has been a breach of the covenant, and plaintiff in error's damage is definite and fixed by the amount of the undisputed lien. 7 R. C. L. "Covenants," § 95, note 10. The covenant is an engagement that the grantor's title is unincumbered, and is a covenant in præsenti, which is breached, if at all, upon execution and delivery of the deed. T. &. P. Ry. Co. v. El Paso, etc., Co. (Tex. Civ. App.) 156 S. W. 561 (w. refd.).

The principle we have applied is recognized and applied in Leeson v. City of Houston (Tex. Com. App.) 243 S. W. 485. In that case the court, in passing upon whether or not a paving lien was within the covenant of warranty, made the case to depend upon whether or not the lien existed at the time the title passed, holding in effect that, if such was the case, the incumbrance would be within the covenant, but otherwise it would not. Judge McClendon, in the course of the opinion, pointed out:

"It is to be observed that, at the time the original contract of sale was entered into and at the time the deed was placed in escrow, there was no incumbrance upon the property for street paving, and no action had been taken by the city looking towards placing such incumbrance thereon. * * * The contract of sale was complete in all its parts, and fully covered all rights and liabilities of the parties as applied to the subject-matter and its status at the time the contract was entered into."

And he goes on to say:

"The very theory upon which it became a charge upon the property was that the value of the property was enhanced by the paving to the amount of the assessment. This enhancement in value inured to the benefit of the owner, and for that reason he was charged with the cost of the improvement."

In that case the question turned, so far as benefits by way of enhanced value were concerned, upon who was the owner at the time the lien was created. This is all-important. In the present case we have shown that defendant in error was the owner against whom the lien was created, and therefore the one who was benefited by the improvement.

For these reasons we recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.