**GRAEBNER et al. v. LIMBURGER'S EX'RS.**
**(No. 943—4741.)**

Commission of Appeals of Texas, Section A.
May 4, 1927.

**1. Trespass to try title ⟬⟭44—In trespass to try title, directed verdict 'for defendant held proper where plaintiffs did not prove title or right of possession.**

In trespass to try title suit, directed verdict for defendant *held* proper where plaintiffs did not prove title or right of possession in themselves to the land sought to be recovered.

**2. Vendor and purchaser ⟬⟭341(3)—Mutual mistake as to dimensions of lots conveyed, authorizing recovery by purchaser, held not proved.**

In action by purchaser alleging mutual mistake in conveyance of certain lots, wherein it was shown that the lots had the dimensions represented, mutual mistake *held* not proved, though a portion of one of the lots was in the possession of an adverse claimant.

**3. Covenants ⟬⟭102(1)—General warranty of title to land is not breached until covenantee has been evicted by holder of paramount title.**

A covenant of general warranty of title to land is not breached until covenantee has been evicted from the premises covered by the warranty by the holder of a paramount title.

**4. Covenants ⟬⟭134—In suit alleging breach of warranty of title, directed verdict for grantor held proper where plaintiff did not prove that adverse claimant had superior title.**

In suit by grantee alleging breach of warranty of title because part of the land was claimed' adversely, a directed verdict for the grantor *held* proper where there was no evidence to show that the adverse claimant actually had a superior title.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by August Limburger against Gus A. Graebner and J. C. Dielman. After August Limburger's death, his executors were substituted. J. C. Dielman having died, his widow was made party defendant in his stead. To review a judgment in the Court of Civil Appeals (287 S. W. 1101), reversing a judgment for defendants, defendants bring error. Reversed, and judgment of the District Court affirmed.

C. J. Gray and Don A. Bliss, both of San Antonio, for Graebner.

Diederick A. Meyer, of San Antonio, for Dielman.

Heilbron, Kilday & Howard, of San Antonio, for defendants in error.

HARVEY, P. J. On May 30, 1918, the plaintiff in error, Gus A. Graebner, by a general warranty deed, conveyed to August Limburger, who is now dead, lots 14 and 15, in city block 271, in San Antonio. Limburger viewed the property while negotiating for its purchase. The dimensions of said lots are not set out in the deed, but the undisputed evidence shows that, according to the recorded plats with reference to which such conveyance was made, each of said lots is 20 varas wide, north and south, by 40 varas long, east and west. The undisputed evidence further shows that said lots, as they exist on the ground, have said dimensions; and that lot 14 adjoins lot 15 on the south, and, together, the two lots form a parcel of ground 40 varas square. At the time of said sale, Graebner, through his agent, informed Limburger that the parcel of ground was 40 varas square. At the time of said sale, however, one J. C. Dielman, who is now dead, had and held actual possession of a part of said lot 14; such part so in possession of Dielman being a strip of land 26.34 feet wide, on the south side of said lot, and extending east and west the full length of the lot. After the sale was concluded, Limburger had the lots surveyed, and then ascertained that the improvements of Dielman encroached upon lot 14 to the extent stated above. Sometime afterwards, August Limburger brought this suit against Graebner and J. C. Dielman. After the suit was brought, Limburger died and his executors, the defendants in error, were substituted as parties plaintiff herein; and J. C. Dielman having died, his widow, Mrs. Maria Dielman, one of the plaintiffs in error, was made a party defendant in his stead. The plaintiffs' fifth amended original petition, upon which the case was tried, though it names Mrs. Dielman as a party defendant, does not allege any ground of complaint against her or pray for any relief against her. We therefore are at a loss to state what relief, if any, the plaintiffs seek against Mrs. Dielman. However, the averments of the amended petition show that plaintiffs are seeking, as against Gus A. Graebner, to recover damages for the alleged breach of Graebner's covenant of general warranty contained in his deed to Limburger; which breach is alleged to have resulted from a deficiency in quantity of land purported to have been conveyed by said deed. As showing such deficiency, the plaintiffs allege that at the time of said sale, "said lot 14 had been encroached upon to the extent of 26.34 feet on its south boundary, by buildings erected thereon" by J. C. Dielman. The plaintiffs also seek to recover damages of Graebner for alleged false representation by his said agent as to the dimensions of the said lots; and also allege mutual mistake on the part of Graebner and Limburger as to the true location of the boundaries of said lots.

Mrs. Dielman filed answer in which she pleaded general denial, not guilty, and adverse possession by herself and her deceased husband, J. C. Dielman, "of the lands in said

plaintiffs' said amended petition," under the statutes of limitation of 3, 5 and 10 years. The defendant Graebner pleaded general denial, among other defenses.

Upon the trial of the case in the court below, the court, at the conclusion of the testimony introduced by the plaintiffs (neither of the defendants having introduced any testimony), instructed the jury to return a verdict for both defendants; and such verdict being returned the court rendered judgment accordingly. On appeal, said judgment was reversed by the Court of Civil Appeals, 287 S. W. 1101.

[1] As indicated above, we are in doubt as to whether the plaintiffs' amended petition alleges a cause of action against Mrs. Dielman. We do not find it necessary, however, to decide this question. For if the amended petition presents any cause of action at all in favor of the plaintiffs against Mrs. Dielman, it presents nothing else than an action of trespass to try title. Assuming for present purposes that the suit against Mrs. Dielman is one of trespass to try title, it was necessary for the plaintiffs to prove title or right of possession in themselves to the land sought to be recovered. This the plaintiffs did not do. They offered no evidence, whatever, tending to prove that they or their decedent, August Limburger, held title to the land which they sought to recover of Mrs. Dielman, or held the right to possession thereof, as against ·her. For this reason the court did not err in instructing a verdict for Mrs. Dielman.

[2] In regard to the controversy between the plaintiffs and Gus A. Graebner, the undisputed evidence shows, as has been stated, that lots 14 and 15, as they exist on the ground, contain the quantity of land which the deed from Graebner to Limburger purported to convey, and have the dimensions which Graebner's agent stated they had; and that a strip of lot 14, to the extent of the deficiency alleged by the plaintiffs, is in the possession of Mrs. Dielman. There is no evidence to sustain the allegations of mutual mistake as to the true location of the boundaries of the lots.

[3, 4] Under what title, if any, Mrs. Dielman holds possession of said strip of land is not shown by the evidence. Her possession is shown to be in privity with that of her deceased husband, J. C. Dielman. There is no evidence tending to show that the possession held by J. C. Dielman or by Mrs. Dielman, of this strip of land, was or is under a title which is superior to such title as August Limburger acquired under his deed from Graebner. It has long ago become settled law in this state that a covenant of general warranty of title to land is not breached until the covenantee has been evicted from the premises covered by · the warranty, or from some part thereof, by the holder of a para-

mount title. Flanagan v. Ward; 12 Tex. 209; Clark v. Mumford, 62 Tex. 531; Land Co. v. North, 92 Tex. 72, 45 S. W. 994; Jones' Heirs v. Paul's Heirs, 59 Tex. 41; Johns v. Hardin, 81 Tex. 37, 16 S. W. 623.

As there was no issue of fact to go to the jury on any branch of the plaintiffs' suit against Graebner, the trial court did not err in instructing a verdict in his favor.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed, as recommended by the Commission of Appeals.