## WOODWARD et al. v. HARLIN. (No. 2282.)

Court of Civil Appeals of Texas. El Paso.
Sept. 12, 1929.

Rehearing Denied Oct. 3, 1929.

Carl Rountree and R. Dyrel Kirk, both of Lamesa, for appellants.

Garland & Yonge, of Lamesa, and Cecil Rotsch, of Fort Worth, for appellee.

HIGGINS, J. By general warranty deed in the usual form, appellants conveyed to appellee a tract of land which had previously belonged to the public free school fund and at the time of the conveyance was incumbered by lien in favor of the state to secure purchase money in the sum of $468. To prevent forfeiture by the state, appellee had paid interest upon such money amounting to $25.79. Appellee brought this suit against his grantors to recover the sums stated. Judgment in his favor was rendered as prayed. '

■ The unpaid purchase money constituted an incumbrance on the land, and the words "grant and convey" contained in the deed implied a warranty against such incumbrance. Articles 1297, 1298, Rev. St. 1925.

■ As to this appellants make no point, but say the petition was subject to general and special exceptions presented by them and overruled. The point made is that the item of $468 is not recoverable, in the absence of allegation that such sum was due or plaintiff had been compelled to pay same to avoid eviction or had been evicted under the superior claim of the state for such purchase money.

In many jurisdictions it has been held, in actions for breach of covenants against incumbrances, that the covenantee cannot recover more than nominal damages for the mere existence of an incumbrance unless he has discharged the same or lost the land by reason thereof. 7 R. C. L. 1184.

However, in the recent case of Walcott v. Kershner (Tex. Com. App.) 291 S. W. 195, 196, it was said: "While it is true such covenant is one of indemnity, it is equally true the incumbrance was for a fixed, definite sum, a part of which had been actually paid by the plaintiff, and the remainder of which was equally certain of enforcement against the property. If the paving lien was then an incumbrance, the plaintiff's damage was definitely fixed by the amount of such lien, for she was actually injured in that amount. She has, to all intents and purposes, been forced to pay the incumbrance."

In that case judgment in favor of plaintiff for unpaid installments of an outstanding paving lien was sustained. Upon the authority of that case the trial court properly overruled the exceptions.

■ In their answer defendants, by crossaction, set up that by mutual mistake there

was omitted from the deed a provision to the effect that the land was conveyed subject to the state debt and asked for reformation of the deed so as to incorporate such provision therein. To this portion of the cross-action plaintiff excepted upon the ground the county court had no jurisdiction to reform a deed and the exception was sustained. This matter presents no error. Robbins v. Winters (Tex. Civ. App.) 203 S. W. 149; Bennett v. Ross (Tex. Civ. App.) 278 S. W. 314.

Reformation of the deed was not necessary for the defendants to avail themselves of the defense indicated. Such defense was fully pleaded in the answer and submitted to the jury, which found plaintiff did not agree to take the land subject to the state debt and that defendants agreed to pay such debt.

Other propositions submitted relate to rulings upon evidence, none of which show any reversible error.

In part payment for the land plaintiff delivered certain coal to defendants, who claim there was a shortage in the amount which should have been delivered. This issue was submitted and found in the plaintiff's favor. It is asserted such finding is contrary to the great weight of the evidence. The evidence upon the issue has been examined. It supports the jury's finding, and in the state of the evidence, this court would not be warranted in setting aside the finding.

Affirmed.