A. C. WOODWARD ET AL. V. H. W. HARLIN.

No. 5580. Decided May 16, 1931.
Rehearing July 22, 1931.
(39 S. W., 2d Series, 9; 41 S. W., 2d Series, 204.)

*Carl Rountree* and *D. Dyrel Kirk,* both of Lamesa, for plaintiffs in error.

It is elementary that an action for a breach of general warranty will nót lie until there has been an actual eviction or something tantamount thereto. 15 C. J., 1282, sec. 137; 15 C. J., 1289, sec. 158; Shennon v. Childers, 202 S. W., 1030, syl. 2 (T. C. A.) ; Graebner v. Limburger's Exrs., 293 S. W., 1100 at syl. 3 (Com. App.) ; 7 R. C. L., 1147, sec. 60.

. The rule is not altered by the fact that the breach complained of is an incumbrance. In order for such breach to come under this covenant, there must be an eviction by reason of such incumbrance, either actual or constructive. 15 C. J., 1284, sec. 143; Jones Heirs v. Pauls Heirs; 59 Texas, 41. Actual eviction needs no explanation, and as to what constitutes constructive eviction, the authorities are varied but there is no appreciable conflict.

There is probably little distinction between an express covenant against incumbrances and the statutory covenant against incumbrances implied from the use of the words "Grant" or "Convey"; Article 1297, Texas Civ. Stat., 1925. This Honorable Court in the case of Hill v. Provine, 260 S. W., 681, correctly stated the law as to a breach of the express covenant. Seibert v. Bergman, 91 Texas, 411, 44 S. W., 63; Thomas v. Ellison, 102 Texas, 354, 116 S. W., 1141; Walcott v. Kershner, 291 S. W., 195.

*Garland & Yonge,* of Lamesa, and *Cecil Rotsch,* of Fort Worth, for defendant in error.

The deed in this case was in the usual form and under article 1297, R. S., 1925, the words "grant" or "convey" in a conveyance by which an estate of inheritance or fee simple is to be passed, implies the following covenant:

"That such estate is at the time of the execution of such conveyance free from incumbrances."

And under article 1298, R. S., 1925, the following definition of the word "incumbrance" is given thus:

"The term 'incumbrances' includes taxes, assessments and all liens upon real property."

A covenant against incumbrances is uniformly held to be one of indemnity, and a suit for a breach of covenant is, in its essence, an action for damages. Texas & P. Ry. Co. v. El Paso & N. E. R. Co., 156 S. W., 561; Johnson v. Sherrill, 271 S. W., 276.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Upon the authority of Walcott v. Kershner (Texas Com. App.), 291 S. W., 195, 196, the El Paso Court of Civil Appeals sustained a recovery of $468 and interest thereon for breach of a covenant in a deed by plaintiffs in error to defendant in error that a certain tract of land was free of encumbrances, when it was at the date of the deed subject to a vendor's lien for said sum of $468. It was neither alleged nor proven that defendant in error had lost the land or had discharged any portion of the encumbrance save accrued interest amounting to $25.77. 20 S. W. (2d) 158.

The writ of error was granted upon the ground that the decision of the Court of Civil Appeals was in conflict with the decisions of the Supreme Court of Seibert v. Bergman, 91 Texas, 411, 44 S. W., 63, and Thomas v. Ellison, 102 Texas, 354, 116 S. W., 1141.

The decisions are in rare accord in denying the right of a covenantee to recover anything save nominal damages for breach of a covenant against an encumbrance on land where no injury has been actually sustained by the covenantee other than the continued existence of the encumbrance.

Thompson states: "While a covenant against incumbrances is broken by the existence of an incumbrance, as soon as made, it is merely a covenant to indemnify, and, until the covenantee has removed or extinguished the incumbrance, he can not recover the amount thereof." 4 Thompson on Real Property, sec. 3499, pp. 611, 612.

Devlin in stating the same rule gives a reason oft assigned for it as follows: "This covenant is considered to be one of indemnity. If the covenantee has not removed the encumbrance it may be he will never be disturbed by it. He may discharge

the encumbrance, but if he does not do so *the universal rule* is that while it remains undischarged and he has suffered no actual injury, he is entitled to only nominal damage." 2 Devlin on Deeds (3d Ed.), sec. 916, p. 1718.

Rawle says the rule is "perfectly settled on both sides of the Atlantic." Rawle on Covenants of Title (5th Ed.), sec. 74, p. 89. And Washburn says that on this point there does not appear to be "substantially any difference between the several American courts." 3 Washburn on Real Property (5th Ed.), sec. 39, 41, pp. 529-531.

■ The decisions of the Supreme Court of Texas have been to the effect that our statutory covenant against encumbrances (Rev. St., 1925, art. 1297), implied from the use of the word "grant" or "convey," being the covenant relied on to sustain a recovery in this case, was a covenant looking to the future and promising compensation for damages at such time as the same might be actually sustained.

In Seibert v. Bergman, supra, in answering a certified question, the court through Justice Brown declared:

"The implied covenant against incumbrances which arose under the statute, upon the language used in the deed, was broken at the time the deed was made, in the 'sense that the promise relates to an existing condition, and is falsified then if it ever is. But, if the damage do not then result, it is misleading and mischievous to treat this mere technical breach as constituting plaintiff's cause of action.' Post v. Campau, 42 Mich., 90, 3 N. W., 272. The right of action for the actual damages sustained by the appellees by breach of the covenant did not arise until the land was sold under the judgment enforcing it, although the incumbrance existed when the deed was executed."

After quoting portions of the opinion of Judge Cooley in Post v. Campau, supra, Judge Brown concludes:

"From the foregoing well-sustained propositions it follows that the statute of limitations could not begin to run in this case until the land was sold in the enforcement of the incumbrance, because, up to that time, the covenantee had lost nothing, and could have maintained no action, except for nominal damages, which would have been no recompense for the injury afterwards suffered by the eviction." 91 Texas, 413, 414, 44 S. W., 63, 64.

Thomas v. Ellison, 102 Texas, 356, 357, 116 S. W., 1141, determined that an attachment could not be sustained for breach of a covenant against encumbrances on land, where the land was subject to a deed of trust lien at the date of the cove-

nant, because the covenantee had no cause of action for the amount secured by the deed of trust until he had discharged same.

The principle underlying the last-mentioned two decisions accords with that governing the operation in Texas of covenants of general warranty. Jones' Heirs v. Paul's Heirs, 59 Texas, 41; Graebner v. Limburger's Exrs. (Texas Com. App.), 293 S. W., 1100, 1101.

■ We know of no reason why we should depart from a doctrine so thoroughly established in Texas and in English and American jurisprudence. Moreover, the rule is but the Supreme Court's construction of a statute. The Legislature adopted the court's construction of the statute in its repeated re-enactment without change in verbiage.

The Court of Civil Appeals was correct in the view that language was used in the opinion of the Commission of Appeals, speaking through Judge Speer, in the somewhat recent case of Walcott v. Kershner, 291 S. W., 195-197, which would warrant the covenantee recovering of the covenantor the full amount of a subsisting encumbrance on land, with nothing more than pleading and proof of the covenant against the encumbrance and of the existence of the encumbrance. For, Judge Speer said: "If there was a breach it must arise upon execution and delivery of the deed, and the damage arising from the breach is definite and fixed by the amount of the undisputed lien."

The court did not adopt the opinion of Judge Speer, but merely the judgment which the Commission recommended. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Texas, 167, 254 S. W., 290, 29 A. L. R., 566; McKenzie v. Withers, 109 Texas, 256, 206 S. W., 503. And the judgment recommended was the only correct judgment which could have been entered on the facts disclosed by the opinion. For the facts entitled Mrs. Walcott to all the relief awarded her under principles of equity - too thoroughly established to be open to question in Texas.

The rule in equity, requiring the reversal of the judgment of the Court of Civil Appeals and the affirmance of that of the district court, in Walcott v. Kershner, is this: While at law damages are not recoverable until the covenantee sustains actual damages from breach of a covenant against encumbrances, yet in equity the covenantee who bought without knowledge of a subsisting lien can maintain an action to have the amount of such lien credited against his purchase money notes in the hands of the covenantor, who has contracted that

the title is unencumbered. The equitable rule is grounded on the unwillingness of the courts to require the blameless covenantee to risk being required to fully perform his contract and at the same time leave him helpless to compel performance of the obligations of his covenantor should he then or thereafter be insolvent. As declared by the West Virginia Supreme Court of Appeals: "It would be inequitable to require the vendee to pay the purchase money when he has a present right of action against the covenantor for breach of covenant, and take the risk of his insolvency if he should thereafter sue at law. The covenantor is in default and he has no right to demand the purchase price until he makes good his covenant, either by removing the encumbrance or responding in damages." Smith v. White, 71 W. Va., 639, 78 S. E. 378, 380, 48 L. R. A. (N. S.), 625.

Judge Speer's opinion discloses that Mrs. Walcott sought and obtained a decree in equity, whereby her purchase money notes in the hands of Kershner were credited with the amount of a paving lien on the lot conveyed to her by Kershner under contract and deed covenanting against encumbrances, she having no actual knowledge of the lien at the date of the conveyance. The opinion recites: "It is conceded that, at the time of the contract and conveyance, plaintiff had no knowledge of the mechanic's lien or of the proposed paving." The following Texas cases are decisive that on these facts Mrs. Walcott was entitled to the relief in equity she obtained under the judgment entered by the Supreme Court; Tarpley v. Poage's Admr., 2 Texas, 148; Twohig v. Brown, 85 Texas, 51, 19 S. W., 768; Baldridge v. Cook, 27 Texas, 570; Cook v. Jackson, 20 Texas, 210, 211; Cooper v. Singleton, 19 Texas, 260, 70 Am. Dec., 333; Rancho & Bonito Land Co. v. North, 92 Texas, 75, 76, 45 S. W., 994; Doyle v. Hord, 67 Texas, 623, 4 S. W., 241.

While the principle announced in the line of Texas decisions beginning with Tarpley v. Poage's Admr., supra, is not generally recognized it is sustained by the adjudications of other eminent courts and is grounded on sound equitable considerations. Cummings v. Hamrick, 74 W. Va., 411, 412, 82 S. E., 44; Van Riper v. Williams, 2 N. J. Eq. 407, 408; Union National Bank v. Pinner, 35 N. J. Eq., 495; Funk v. Voneida, 11 Serg. & Rawle (Pa.), 114-119, 14 Am. Dec., 617.

This suit presents no grounds for equitable relief and defendant in error failed to plead any cause of action within the jurisdiction of the county court. His petition was, therefore, subject to the exceptions urged against it.

It is therefore ordered that the judgments of the county court and of the Court of Civil Appeals be reversed and that this cause be remanded to the county court.

### ON MOTION FOR REHEARING.

On motion for rehearing, attention is called to chapter 88, General Laws of the 34th Legislature, approved March 22, 1915, p. 141, which confers on the county court of Dawson county "original concurrent jurisdiction with the justices' courts in all civil matters." Such an act appears to have been upheld as constitutional in Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 462, 84 S. W., 1054. Under the statute, the petition did state a cause of action within the jurisdiction of the county court of Dawson county for the recovery of $25.77 and we correct our statement to the contrary.

The right judgment was originally entered and the motion for rehearing is overruled.