

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 13, 1952

Hon. William L. Taylor
Prosecuting Attorney
Harrison County
Marshall, Texas

Opinion No. V-1407

Re: Mandatory or permissive
character of provisions
for a county engineer
in the Harrison County
Road & Bridge Law.

Dear Mr. Taylor:

Your request for an opinion from this office presents the following question:

Does House Bill No. 812, Special Laws
of the 42nd Legislature, R.S. 1931, ch. 156,
p. 303 (Harrison County Road Law), make it
mandatory for the commissioners' court of
Harrison County to employ a county engineer
and to have a county engineer in constant
employment with Harrison County?

The pertinent sections of House Bill No. 812,
Special Laws 42nd Leg., R.S. 1931, ch. 156, p. 303
(Harrison County Road Law), provide in part:

"Section 1. That Chapter 42, Acts of
the First Called Session of the 37th Legislature, (the same being known as the Davidson Road Law) be and the same is hereby in
all respects repealed insofar as the same
applies to Harrison County.

"Section 2. The Commissioners' Court
of Harrison County is hereby authorized and
empowered to employ a County Engineer, whose
duties, compensation and liabilities shall be
such as are imposed by this Act. The said
County Engineer shall devote his entire time
to the construction and maintenance of the
County Roads.

"Sec. 3. That said County Engineer
shall be appointed by the Commissioners'
Court of said county within ninety (90) days

after the passage of this Act at a Regular
Meeting or Called Session thereof.  That he
shall have charge of all public road con-
struction and public road maintenance, to-
gether with the building of bridges and cul-
verts, in his County except as is otherwise
herein expressly provided.  Said County En-
gineer within twenty (20) days after his ap-
pointment shall take and subscribe to the
oath required by the Constitution, and enter
into bond, payable to the County Judge or
his successors in office, with good and suf-
ficient sureties to be approved by the County
Judge, in the sum of Five Thousand ($5,000.00)
Dollars, conditioned upon said Engineer faith-
fully and effectively discharging and perform-
ing all the duties required by law or imposed
on him by the Commissioners' Court of his
County, which bond shall be filed and record-
ed as other official bonds and shall not be
void for the first recovery, but may be sued
on from time to time until the whole amount
is exhausted.

"Sec. 4.  Said County Engineer shall
be a qualified Civil Engineer and a resident
of the State of Texas; he shall serve at the
will of the Commissioners' Court, and may be
removed by said Commissioners' Court for any
reason which in the opinion of said Court
justifies removal.  He shall receive such
salary as may be determined by the Commis-
sioners' Court to be paid out of the Road
and Bridge Fund. _That said County Engineer
shall subject to the orders of the Commis-
sioners' Court, have general supervision over
the construction and maintenance of all pub-
lic roads and highways of his county_, to-
gether with the building of bridges and cul-
verts; he shall superintend the laying out of
new roads subject to the orders of the Com-
missioners' Court, and shall forthwith make
or cause to be made a road map of the county
showing the location, mileage, and classifi-
cation of the different roads and highways
in said county.  . . ."  (Emphasis added
throughout.)

An act should be given a fair, reasonable, sensible construction, considering its language and subject matter with a view of accomplishing the legislative intent and purpose. In other words, construction should accord with common sense and justice, and irrational conclusions or deductions should be avoided. Clark v. W. L. Pearson & Co., 121 Tex. 34, 39 S.W.2d 27 (1931); State v. Stein, 36 S.W.2d 698 (Tex. Comm. App. 1931). Doubtless a court will give due regard to the language used in a statute or provision thereof in determining whether it is mandatory or merely directory. Words of permissive or mandatory character will ordinarily be given their natural effect, but when there is room for construction permissive words will be given mandatory significance or mandatory words will be held to be directory, as appears to be necessary to effectuate the legislative intent. Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S.W. 593 (1918); McLaren v. State, 82 Tex. Crim. 449, 199 S.W. 811 (1917).

It is stated in 2 Sutherland, Statutory Construction (3rd Ed. 1943) 338, Sec. 4704:

". . . A statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one which will carry out and the other defeat such manifest object, it should receive the former construction. . . .

"If upon examination the general meaning and object of the statute is inconsistent with the literal import of any clause or section, such clause or section must, if possible, be construed according to that purpose. But to warrant the change of the sense to accommodate it to a broader or narrower import, the intention of the legislature must be clear and manifest."

The court stated in Wood v. State, 133 Tex. 110, 126 S.W.2d 4, 7 (1939):

"It is the settled law that statutes should be construed so as to carry out legislative intent, and when such intent is ascertained it should be given effect even

though literal meaning of words used in
the statute is not followed. . . ."

In the light of the above authorities,
section 2 of House Bill 812 should be interpreted
as being mandatory in nature, although the actual
wording of it is merely directory, if such is the
intent of the Legislature as determined from the
act as a whole.

Looking to the remainder of the act, we
find in Section 3 provisions which clearly indicate
a mandatory intention on the part of the Legislature.
The first sentence says that "said County Engineer
shall be appointed by the Commissioners Court of said
county within ninety (90) days after the passage of
this Act at a Regular Meeting or Called Session there-
of." The balance of Section 3 and all of Section 4
indicate that the appointment of an engineer was to
be mandatory.

In view of the foregoing, it is our opinion
that the Legislature intended to provide a county en-
gineer to be in constant charge of all public road
construction and maintenance in Harrison County, sub-
ject of course to over-all supervision by the Commis-
sioners' Court. See Att'y Gen. Op. V-1315 (1951).
Although the engineer serves at the will of the county
commissioners, the statute contemplates that upon the
removal of one county engineer another will be appointed.

## SUMMARY

House Bill No. 812, Acts 42nd Leg., Spe-
cial Laws R.S. 1931, ch. 156, p. 303 (Harrison
County Road Law), makes it mandatory for the com-
missioners' court of Harrison County to employ a
county engineer and to have a county engineer in
constant employment with Harrison County.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

RHH:mh

Yours very truly,

PRICE DANIEL
Attorney General

By Robert H. Hughes
Robert H. Hughes
Assistant