## RIO BRAVO OIL CO. v. McENTIRE et al.

Motion No. 12597; No. 1622—6539.

Commission of Appeals of Texas, Section B.
Oct. 21, 1936.

W. A. Wright, Charles Russell, and C. H. Tupper, Jr., all of San Angelo, and Baker, Botts, Andrews & Wharton, of Houston, for plaintiff in error.

Kerr & Gayer and Smith & Neill, all of San Angelo, and P. O. Settle and William L. Wise, both of Fort Worth, for defendants in error.

SMEDLEY, Commissioner.

Defendant in error McEntire in motion for rehearing questions the correctness of the construction given in the original opinion to the reservations contained in the contracts by which the Houston & Texas Central Railway Company sold the three sections of land to J. M. Kelley. Since the parties failed to discuss in their briefs the meaning of these reservations further than to contend, the one that the contracts reserved all of the minerals, including oil and gas, and the other that they did not, they were requested to file and have filed additional written arguments.

After careful consideration of the motion for rehearing and the written arguments, we adhere to the ruling made in the original opinion that the Kelley contracts and notes were effective to accomplish present sales of the land with reservations by the vendor of all of the minerals, including oil and gas, and of such rights to use the surface as were set out in the contracts. No effort was made to describe these rights in detail, and neither the opinion nor the judgment was intended to deny to the vendee or his assigns the privilege given to him by the contracts, under the conditions and upon the payment of the royalty specified, to operate for and remove minerals from the land.

█ The privilege of taking minerals, which a paragraph of each of the contracts gives to the vendee, is expressly subordinate to the vendor's reservation of title to the minerals, and it may be exercised only under certain prescribed conditions and upon the payment to the vendor, the owner of the minerals, of 5 per cent. of all minerals taken. Defendant in error interprets this paragraph as giving to the vendee title to 95 per cent. of the minerals. On the contrary, it recognizes the vendor's ownership of all of the minerals as theretofore reserved in the same instrument and gives to the surface owner a restricted privilege to take minerals from the land provided he pays 5 per cent. as royalty to the owner of the minerals.

█ The provision contained in each of the contracts of sale that the vendor in the locations made for mineral development shall never occupy in the aggregate more than a certain number of acres of the surface of the land conveyed does not modify or restrict the reservation of title to all of the minerals. Clearly it was intended merely as a limitation upon the amount of the surface, exclusive of the rights of way, that might be used at any one time by the vendor.

The deed construed in States Oil Corporation v. Ward (Tex.Com.App.) 236 S.W. 446, contained a reservation of the minerals in the same language as that used in the Kelley contracts, except that it failed to specify the aggregate number of acres that might be occupied in mineral development.

The court held that the deed reserved to the grantor the present title to all of the minerals.

As to the contention of defendant in error that the rights of way expressly reserved in the Kelley contracts have been extinguished by adverse possession, it is our opinion, after careful consideration of the evidence, that defendant in error, who was plaintiff in the trial court, failed to prove that the possession shown was commenced and continued under claim of right inconsistent with and hostile to the rights to use the surface which were reserved in the contracts.

The motion for rehearing is granted to the extent of incorporating in the judgment heretofore rendered herein a provision that defendant in error George H. McEntire is adjudged to have and own, as incident to his ownership of the surface of the three sections of land, the privilege to prospect for and take minerals from the land, subject to the reservations made by the vendor in the contracts between Houston & Texas Central Railway Company and Joseph M. Kelley described in the judgment and under the restrictions and conditions and upon payment of the royalty as set out and specified in said contracts. In all other respects the motion for rehearing is overruled.

Opinion adopted by the Supreme Court.