## REEVES v. REPUBLIC PRODUCTION CO.

### No. 11598.

Court of Civil Appeals of Texas. Galveston.

Jan. 13, 1944.

Rehearing Denied Feb. 24, 1944.

E. E. Easterling, W. S. Parker, and E. W. Easterling, all of Beaumont, for appellant.

T. J. Arnold, W. J. Knight, and O. A. McCracken, Jr., all of Houston, for appellee.

CODY, Justice.

This was an action for damages for breach by lessee in an oil, gas and mineral lease, of the implied covenant to develop a portion of the leased premises for oil, brought by appellant, hereafter called plaintiff, against appellee, hereafter called defendant.

The defendant answered in substance that plaintiff was not entitled to recover any damages because he did not own the title to that portion of the leased premises for failure to develop which he sought damages. By supplemental petition plaintiff answered, denying defendant's allegations, and pleading that defendant was estopped to deny his title to the mineral estate in the land in question upon various specified grounds; also the plaintiff pled the four, ten and five year statutes of limitation; and further pled a special agreement by which it was alleged that the defendant was bound to pay plaintiff a special monthly royalty in lieu of drilling upon the aforesaid portion of the leased premises.

A trial of the case without a jury resulted in a judgment for defendant. The court in response to plaintiff's request filed his conclusions of fact and law, from which it appears:

That on August 26, 1935, plaintiff executed and delivered to one Lewis, as lessee, an oil, gas and mineral lease, drawn on form 88, covering six tracts of land. It is the sixth tract of land covered by said lease which is here in controversy. It is situated in Hardin County, and consists of 30 acres. The said Lewis on September 3, 1935, assigned said lease to defendant.

The court further found that the 30 acre tract was, on June 9, 1902, embraced within an 80 acre tract which was owned by

the Houston Oil Company of Texas. That on said day the Houston Oil Company conveyed the surface rights to said 80 acre tract to one Frazier, but retained the mineral estate therein. That Frazier conveyed the 30 acre tract here in question to a predecessor in title of plaintiff, and, thereafter by a regular course of transfer, plaintiff became vested with the surface rights in the 30 acre tract.

Also, that on November 15, 1916, the Houston Oil Company conveyed to defendant an undivided half interest in the mineral estate in the 30 acre tract, and that at the time of the trial the mineral estate in the 30 acres was thus jointly owned by the Houston Oil Company and defendant.

Also, that the lease was entire as to the six tracts described therein, and not severable as to the sixth tract. That no well had been drilled on the sixth tract, and if defendant was obligated by the lease to drill thereon, it had not exercised ordinary care and diligence as required by the implied covenants of the lease. Also that defendant had drilled in a producing well upon the fifth tract described in the lease, and had taken therefrom oil the value of $62,347.42, and had paid plaintiff his one-eighth royalty thereof.

The lease in question is set out in the court's findings. It contains the following paragraph, hereafter referred to as the saving clause: "In case said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the bonus, royalties and rentals herein provided for shall be paid lessor only in the proportion which his interest bears to the whole and undivided fee."

The plaintiff here presents as points upon which the judgment should be reversed the various matters which he pled in the trial court relating to estoppel, limitations, and agreement between him and defendant.

Diligence of counsel has not presented any authorities that have construed the aforesaid saving clause, from which we infer that it has not heretofore been construed by an appellate court of Texas. Plaintiff's first point is that defendant, having taken by assignment the lease from lessor, is thereby estopped to claim that it owned at the time it took such assignment an undivided half interest of the minerals in the sixth tract, and the Houston Oil Company owned the other half. This proposition he supports chiefly by the au-

thority of Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626.

The Greene case holds that, where a widow ratified a deed which had conveyed to her deceased husband certain land but which reserved to the grantor in said deed the minerals therein, said widow by thus ratifying the deed thereby parted with the title to such mineral estate to said grantor. As appears from the Greene case, the purpose of the parties to the deed was to quiet and settle a title which was in doubt. The settlement intended to be effected was that the doubtful claims of the grantor and the grantees, respectively, to the whole of the land, should be made certain to portions thereof. This was intended to be effected by vesting in the grantor the title to the mineral estate therein, and by vesting in the grantees the surface rights therein. The means used to bring this about was the execution and delivery of a deed by the grantor conveying the land to the grantees, but reserving the mineral estate to the grantor. After the husband's death, the widow by renewing and extending the note given as a part of the consideration established her purpose to ratify the deed. We are unable to see that said case is in point here.

The saving clause in the lease certainly contemplates that the title of the lessor to property leased by him may prove to be doubtful. But it makes no provision for settling or compromising a doubtful title. Indeed, it will very seldom occur that the doubt cast upon the title of land leased by the lessor will be by reason of claims of the lessee thereto. The expressed purpose of the saving clause is to cancel the obligation of the lessee under the lease to pay the lessor bonus, royalties and rentals, to the extent that the lessor's title to the land shall fail. The provision is solely for the benefit of the lessee. It is a benefit, however, which he cannot claim, unless and until he establishes that the title of lessor has failed. Whether, if such provision was absent from a lease, a court of equity would grant a lessee the same relief which the saving clause provides upon the failure of lessor's title is not a question before us. But see Rancho Bonito Land & Live-Stock Co. v. North, 92 Tex. 72, 45 S.W. 994. However, such provisions in leases are clearly necessary in large scale dealings in leases. To be sure a careful lessee would not incur the expense of drilling a well without first having the title examined.

As above indicated, the fact that the lessee in this case may happen to own the title to the minerals in the land leased to it by the lessor, and that lessor's title fails because of such ownership by the lessee, is a very unusual circumstance. But there is nothing in this unusual circumstance to deprive the lessee of the benefit of the provision in the lease for its protection against the failure of title to property which lessor assumed to lease. There is nothing in such circumstances to support the conclusion that the lessee thereby intended to convey to the lessor oil rights which the lessee owns and holds title to independently of the lessor. The lease does not by its terms purport to do so. And, so far from such a circumstance making it inequitable for the lessee to claim the benefit of the saving clause, it rather presents an additional weighty reason why the lessee should not be required to pay the lessor royalties on production from land which the lessor does not own the title to.

What has been said is equally applicable to the various points which the plaintiff urges for the reversal of the judgment, based upon the claim of estoppel.

Plaintiff's fifth point relates to his plea of the four year statute of limitation, aimed at the defendant's allegation that the sixth tract was included in the assignment of the lease through error. It is not necessary to pass upon this point, as plaintiff, by proving up the lease in question, proved up the saving clause under which, upon proof of failure of lessor's title, his right to receive payment of royalties from defendant also fails pro tanto.

Plaintiff's sixth point asserts that the undisputed evidence shows that he, and those under whom he claims, acquired title to the mineral estate in tract No. 6 by adverse possession under the ten year statute of limitation. In Greene v. White, supra, 153 S.W.2d, at page 585, it is held, that where a deed, as between the parties to it, has worked a severance of the mineral estate from the surface estate, such possession as the plaintiff exercised, and those under whom he claims, "after the execution of the deed was not adverse possession of the minerals. Elliott v. Nelson, 113 Tex. 62, 251 S.W. 501; Rio Bravo Oil Co. v. McEntire, 128 Tex. 124, 136, 95 S.W.2d 381, 96 S.W.2d 1110; Luse v. Boatman, Tex.Civ.App., 217 S.W. 1096, application for writ of error refused." We overrule plaintiff's sixth point, the trial court having found against him on the facts. A statement of the facts under which plaintiff claims that that statute of limitation was set in operation is stated in the discussion of the plaintiff's seventh point.

In his seventh point plaintiff asserts that the judgment should be reversed because, under the findings of the court, it appears that plaintiff's predecessor in title, W. S. Frazier, in a suit by him in the district court of Hardin County against the Houston Oil Company, by a judgment rendered therein in 1912, lost to said company the title to the entire sixth tract, inclusive of the mineral and surface estates. And plaintiff further asserts that the evidence shows that after the date of said judgment (whereby it is claimed that the separate estates in the sixth tract were merged) he acquired title to the sixth tract by adverse possession under the five year statute of limitations. It appears from the court's findings of fact that neither the plaintiff nor any of plaintiff's predecessors in title to the sixth tract subsequent to W. S. Frazier, were parties to the aforesaid suit, thereby finding against the claim of merger. The court thus found that plaintiff was in possession under his deed only of the surface estate in the sixth tract, and overruled plaintiff's contention that he acquired title by adverse possession under the five year statute of limitation. The court did not err in this holding, and plaintiff's seventh point is overruled.

By his eighth point plaintiff asserts that he and defendant entered into an agreement whereby, in order to be relieved of the obligation of drilling a well upon the sixth tract, it was agreed that defendant should pay to plaintiff a sum equal to the monthly royalty of one-eighth of the production of a nearby well. The facts found by the court will not support the conclusion that the agreement asserted by plaintiff was made. The court's findings are to the effect that a negotiation toward making such a contract was begun between the parties, but that it was not made.

In the interest of brevity we have referred to the defendants as "defendant" without distinction as to whether the reference related to the time before or after December 31, 1941. Upon that date the Republic Production Company was merged with the American Republic Corporation, which thereupon succeeded to the rights

and obligations of the Republic Production Company under the lease. ·

The court committed no reversible errors in respect to the points as presented, and the judgment is affirmed.

Affirmed.